UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOHN ALLEN HESSMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:13-mc-00039 |
| | ) | Judge Trauger |
| **v.** | ) | |
| | ) | |
| **WILSON COUNTY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

The plaintiff, an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee, has submitted a *pro se* "Continuing Tort Conspiracy Suit" against Wilson County, Brian Wayne Fuller, Sam V. Guin, Jr., Marty Smith McLemore, Lee Bridges, and Joseph Patton. (Docket No. 1). The plaintiff also alleges claims against Judge Robert P. Hamilton. (Docket No. 10 at pp. 3, 5). The plaintiff seeks over one million dollars ($1,000,000) in damages (Docket No. 1 at p. 13) and an injunction halting the plaintiff's state criminal prosecution (Docket No. 10 at p. 8).

Under the Prison Litigation Reform Act (PLRA), the courts are required to screen a complaints filed by prisoners and to dismiss complaints that are frivolous, malicious, or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b). This screening must occur even if the plaintiff-prisoner paid the full civil filing fee, as did Mr. Hessmer in the instant case. (Docket No. 14).

A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless.

1

*Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

In the instant complaint, the plaintiff alleges that the defendants have engaged in a conspiracy to fabricate evidence and to present false testimony in an effort to secure the plaintiff's arrest and conviction for crimes the plaintiff claims he did not commit. (Docket Nos. 1 & 10). The plaintiff contends that a trial on the state criminal charges against him is set for November 12, 2013. (Docket No. 15 at p. 2).

Although it is unclear what charges are pending against the plaintiff,[1] a decision favorable to the plaintiff in this case would require this court to interfere with what appears to be an ongoing state criminal prosecution. The plaintiff specifically states that "this [the state case] is an ongoing criminal prosecution" (Docket No. 1 at p. 14) and asks the court to enjoin the state proceedings (Docket No. 10 at p. 8).

To the extent that the complaint asks the court to intervene in the pending state criminal proceedings against the plaintiff, the law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). It is also clear that a federal court may *sua sponte* raise the issue of *Younger* abstention. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine

---

[1] The plaintiff references charges of assault, aggravated burglary, and arson, but it is not clear whether those are the charges pending against the plaintiff in state court. (Docket No. 10 at p. 4).

is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, a state criminal prosecution of the plaintiff appears to be underway as the plaintiff complains of a conspiracy by the defendants to convict him for crimes he claims he did not commit. Second, there can be no doubt that state criminal proceedings implicate important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, there is no indication in the record before the court at this time that the state court would refuse to consider the plaintiff's constitutional claims; thus, presumably the state court proceedings provide an adequate forum in which the plaintiff can raise constitutional challenges to his arrests and the taking of his property. If the plaintiff raises his constitutional challenges in state court and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Tennessee law. The plaintiff also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offense(s).

There are exceptions to the *Younger* doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611; (2) "the

3

challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). In order to overcome the bar of *Younger* abstention, a petitioner must do more than set forth mere allegations of bad faith or harassment. *See Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997)). The plaintiff has not established that any exception to the *Younger* doctrine is warranted in this case.

On June 25, 2013, the plaintiff filed a "Motion to Add Newly Named Defendants Under Permissive Joinder Complaint" (Docket No. 15) in which the plaintiff seeks to add prosecutor Tom P. Thompson, Jr. as a defendant. The plaintiff alleges that his state case "is set for criminal trial starting November 12th of 2013, so this [the instant federal action] is not a suit for knowing use of perjured evidence at trial . . . yet . . ., and District Attorney General Tom P. Thompson Jr. has shown himself to be an honorable man thus far . . . ." (Docket No. 15 at 2). Again, the plaintiff's proposed amendment would invite this court's interference with an ongoing state criminal prosecution and, in any event, appear to be premature based on the plaintiff's admission that Thompson has not "yet" committed a dishonorable act.

Having conducted the review required by the Prison Litigation Reform Act, the court determines that the plaintiff's action will be dismissed without prejudice because the court must

4

abstain from exercising its subject matter jurisdiction. Further, the plaintiff's motion to add a new defendant (Docket No. 15) will be denied.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge